### 69737. SMITH v. THE STATE.
(331 SE2d 14)

BIRDSONG, Presiding Judge.

The trial court found the following in this case:

"The Defendant's Plea in Double Jeopardy in the above-styled case having come on regularly for hearing the Court finds that on January 1, 1984, the Defendant was arrested by officers of the Calhoun Police Department and charged with disorderly conduct. The Defendant posted a cash bond of $50.00 and was released from incarceration. The Defendant was scheduled to appear in Calhoun Recorder's Court on January 23, 1984, but did not appear when the case was sounded. The Mayor of Calhoun (Judge of the Recorder's Court) discussed the case with the City Attorney, Thomas E. Shanahan, and

was advised that no disposition should be made of the charge because a case growing out of the transaction was to be made in Superior Court. The Mayor wanted the city case held open. At the conclusion of the business of the Recorder's Court on January 23, 1984, a routine motion was made to the effect, 'let all cash bonds be forfeited.' An entry was made in the docket in cases where the defendants did not appear. A docket entry was made forfeiting the Defendant's cash bond of $50.00. Shortly after the matter was docketed, it was brought to the mayor's attention and he stated the case was to be held open and the bond not forfeited. A day or two later Clerk of the Court, Jerry Sapp, expunged the docket entry with liquid paper. No change had been made in the status of the cash bond.

"Every Court has power to amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth. Official Code of Georgia 15-1-3 (6).

"The Defendant was not sentenced on January 23, 1984; therefore, he had not entered upon the service of any sentence. The Defendant's status and position did not change prior to the docket entry being corrected. No change was made in the status of the Defendant's $50.00 cash bond prior to the docket entry being corrected."

This order and denial of plea in bar is appealed from, appellant contending the forfeiture of the cash bond, even inadvertently, is a conviction barring further prosecution for simple battery. See *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629). *Held*:

1. The appellant filed his brief late and the state made a motion to dismiss the appeal. A criminal appeal may be dismissed for failure to file enumerations of error and brief upon order of the court. *Johnson v. State*, 157 Ga. App. 211 (276 SE2d 913); *Wilkerson v. State*, 155 Ga. App. 201 (270 SE2d 408). However, Rule 14 of this court provides that the mere failure to file briefs within the time allowed "subjects the offender to contempt," and not dismissal. In criminal cases, moreover, the procedural rules of our court as to time of filing briefs and enumerations of error have been treated as directory; consequently, we will deny appellee's motion to dismiss and consider the appeal despite appellant's failure to comply with our rules. However, this court does not condone such practice. *Williams v. State*, 144 Ga. App. 72, 73 (240 SE2d 591).

2. The trial judge found as a matter of fact that the recorder's court judge merely corrected a clerical error (OCGA § 15-1-3 (6)) and did not intend to forfeit the appellant's cash bond. On appeal, we will not disturb that finding of fact as long as there is evidence to support it. *Ridgley v. Helms*, 168 Ga. App. 435, 438 (309 SE2d 375); *Fulford v. State*, 144 Ga. App. 546 (1) (241 SE2d 646). Moreover, the evidence clearly shows that the recorder's court judge and solicitor discussed

the case and clearly intended to leave the case open. The question remaining is whether this clerical error in making the docket entry showing a cash bond forfeited, operated itself to amount to a prosecution and bar a second prosecution. We find it does not. According to the evidence, the cash bond was not in fact forfeited and no final disposition of the case was intended or effected. Moreover, OCGA § 17-6-10 (c) provides: "Any person charged with a violation of an ordinance or other offense against a municipality who gives a cash bond for his personal appearance in court at a designated time and place and who fails to appear at said time and place shall forfeit the cash bond upon the call of the case for trial. It shall not be necessary for the municipality to take any further action to forfeit the cash bond. Forfeiture of a cash bond shall not be a bar to a subsequent prosecution of the accused for the violation." Subsection (d) of that code section provides that the section shall not apply to municipalities having provisions in their charters with reference to the subject matter of the section. Appellant elicited the Calhoun city attorney's opinion that the actual forfeiture of cash bonds in a recorder's court prosecution operates as a disposition of the case, but no competent evidence appears in this record which indicates that the city charter so provides. See OCGA § 24-5-4.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 8, 1985 —
REHEARING DENIED APRIL 29, 1985.

*Christopher A. Frazier*, for appellant.
*Darrell E. Wilson, District Attorney, Stephen Cox, Assistant District Attorney*, for appellee.