A93A2419. HATCHER v. THE STATE.
(464 SE2d 236)

BEASLEY, Chief Judge.

When this case first came before this Court, appellant's conviction was reversed because his confession was obtained in violation of his Sixth Amendment right to counsel. *Hatcher v. State*, 212 Ga. App. 46 (441 SE2d 673) (1994). The Georgia Supreme Court reversed this decision, holding that the form filled out by appellant was merely a statement of financial necessity for counsel and not a request for

counsel as this Court had held, so that appellant's Sixth Amendment rights had not been violated. *State v. Hatcher*, 264 Ga. 556 (448 SE2d 698) (1994). Consequently, this Court must address appellant's other enumeration of error, namely, that his confession was obtained as the result of an illegal warrantless arrest made without probable cause and thus should be excluded from evidence.

While driving by the victim's home, an uncle of the victim noticed a red station wagon with a gray, primer-colored fender and door in the victim's driveway. He could not determine if anyone was in the car. Because he drove by the victim's residence on nearly a daily basis and had never seen the car, he suspected that something was amiss. He called the Mitchell County sheriff's office and related this information to the investigators. They came and determined that a burglary had taken place at the residence. Photographs of a set of four distinctive tire marks in the dirt driveway were taken.

A relative of appellant was interviewed by the investigators as a crime victim in an unrelated case. She was asked, incidentally, if she knew of a car that fit the description of the car the victim's uncle had seen at the victim's residence. She told the investigators that appellant, his brother, and their father drove a car matching that description. The investigators then went to a mobile home park on Highway 82 in Dougherty County, in an attempt to locate the vehicle. There they spotted a red station wagon matching the description given by the victim's uncle. This was six days after the burglary. They left and called Dougherty County authorities to request assistance. When they returned to the trailer park, the car was gone. A few minutes later, the investigators saw it heading east on Highway 82 near the residence and pulled it over. The tire tread appeared to match. The investigators explained to appellant, his brother, and the other occupants that the car had been involved in a burglary. Appellant and his brother were placed under arrest without a warrant and were taken to the Dougherty County sheriff's department. After *Miranda* warnings were given, the appellant and his brother admitted they had each been driving the red station wagon early in the day of the burglary. The victim's uncle identified the station wagon as the same vehicle he saw parked in the driveway of the victim's house the morning of the burglary. The distinctive tire marks in the photographs taken by the investigator matched the vehicle's tire tread.

Whether appellant's confession should be excluded from evidence depends on whether it was obtained as the result of an illegal warrantless arrest made without probable cause, upon application of the standard in *Durden v. State*, 250 Ga. 325 (297 SE2d 237) (1982). "Under this standard an arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably

trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964)." Id. at 326. See also *Knox v. State*, 216 Ga. App. 90, 91 (1) (453 SE2d 120) (1995).

This Court will not reverse the trial court's order on a motion to suppress unless it represents an abuse of discretion. *State v. Harris*, 256 Ga. 24, 25 (1) (343 SE2d 483) (1986). In this instance, reasonably believing that the persons who burglarized the victim's residence used a distinctive red station wagon, and that the appellant and members of his family drove the car, and considering all the knowledge the officers had and the exigency of vehicular mobility, it was prudent for the sheriff's investigators to believe that appellant likely committed or participated in committing the burglary when he was discovered six days thereafter riding in the vehicle with his brother. Appellant's confession was obtained pursuant to a valid warrantless arrest, and the trial court properly denied his motion to suppress.

*Judgment affirmed. Smith and Ruffin, JJ., concur.*

DECIDED NOVEMBER 16, 1995.

*Joseph F. Bertollo*, for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.