## A99A0229. STEWART v. THE STATE.
(513 SE2d 778)

BLACKBURN, Judge.

Michael Stewart appeals his conviction for trafficking in methamphetamines, following a jury trial, contending that the trial court improperly denied his motion to suppress evidence of both incriminating statements made by him and drugs found at his place of business following an allegedly unlawful arrest. For the reasons set forth below, we find that Stewart's arrest was proper and affirm his conviction.

> When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

(Punctuation omitted.) *Jester v. State*, 229 Ga. App. 490, 492 (2) (494 SE2d 284) (1997).

Viewed in this light, the record reveals that Officer Mike Overbey, Officer Robert Smith, Officer Mark Whitwell, and Glenda Manry, Stewart's probation officer, went to Stewart's automobile paint shop on the basis of information that drugs were being sold and used at that location. Initially, the officers intended to exercise a search clause to which Stewart had agreed as a condition of the probation he was then serving. However, as the officers approached Stewart's shop, which was located just behind his residence, Stewart and another individual fled from a side entrance, carrying something in their hands. The officers pursued, and, after detaining Stewart, found a plastic container containing methamphetamines and weighing scales which Stewart, after being informed of his *Miranda* rights, admitted were his property.

Stewart argues on appeal that both his statements and the drugs should have been suppressed because the officers violated his Fourth Amendment rights and had no right to pursue him onto the curtilage of his property once he started running away from them. This argument is untenable. The officers approached the paint shop located behind Stewart's home as would any other visitor or customer, and, as such, no Fourth Amendment protection was triggered at that point. See *Jenkins v. State*, 223 Ga. App. 486, 487-488 (1) (477 SE2d 910) (1996). Moreover, as a general rule, there is a lesser expectation of privacy in commercial buildings than private ones. See *Banks v. State*, 229 Ga. App. 414, 415 (2) (493 SE2d 923) (1997), overruled on other grounds, *Calbreath v. State*, 235 Ga. App. 638 (510

SE2d 145) (1998). Then, before the officers could even knock at the door of the shop, Stewart and his compatriot attempted to flee. "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . . a criminal to escape." (Punctuation omitted.) *Stiggers v. State*, 151 Ga. App. 546, 547 (260 SE2d 413) (1979). Therefore, in this case where information regarding drug sales on the premises had been received, the officers legally approached Stewart's place of business, pursued Stewart, took his statements, and collected the evidence he admitted that he had discarded.

Stewart further contends that his arrest was unlawful because it was made pursuant to an illegal search, purportedly authorized as a condition of his probation. This argument is inapposite to this case, however, as Stewart and his compatriot attempted to evade the officers before any such probationary search could be conducted. Therefore, Stewart's arguments that the officers failed to comply with the guidelines set out for this probationary search are irrelevant to the outcome of this appeal.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 11, 1999 — 

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra A. Graves, Assistant District Attorney*, for appellee.