A00A0228. TOMLIN v. THE STATE.

(530 SE2d 27)

JOHNSON, Chief Judge.

A police officer may stop a motor vehicle to conduct a limited investigation if she has a reasonable suspicion of criminal conduct.[1] The smell of marijuana provides an officer with a reasonable suspicion that marijuana is present in a vehicle.[2] Narcotics Special Agent Holmes was driving behind a truck driven by Scott Tomlin when she saw a passenger in the truck smoking and then blowing smoke that smelled like marijuana out the truck window. Having smelled marijuana, Agent Holmes called for another police unit to conduct an investigative stop of the vehicle. Another unit then stopped the truck and found marijuana in it. Was the investigatory stop of the vehicle legal? We hold that it was legal because when Agent Holmes smelled marijuana coming from the truck, she had a reasonable suspicion that the vehicle contained marijuana. We therefore affirm the trial court's denial of Tomlin's motion to suppress the drugs found in his truck and judgment of conviction based on that evidence.

On August 9, 1998, Clayton County Narcotics Special Agent S. Holmes was off-duty and driving in an unmarked vehicle in the city of Jonesboro. She was traveling behind a pickup truck that was being

---

[1] *Fritzius v. State*, 225 Ga. App. 642, 643-644 (484 SE2d 743) (1997).
[2] *Taylor v. State*, 230 Ga. App. 749, 751 (1) (c) (498 SE2d 113) (1998).

driven by a man later identified as Tomlin. There were two passengers in the truck. The passenger sitting next to the window was smoking what looked like a cigarette. Three different times Agent Holmes saw the passenger blow smoke from the cigarette out the truck window. Each time he exhaled the smoke, Agent Holmes smelled marijuana. Agent Holmes called on the radio for a marked police unit to stop the vehicle and investigate for suspected marijuana use.

Officer Tyrone Johnson responded to the call and stopped Tomlin's vehicle. Officer Johnson spoke with the passenger sitting next to the window, and the passenger admitted that he had been smoking marijuana in the truck. Officer Johnson then talked to Tomlin, who claimed that he did not know if there was any marijuana in the vehicle. Tomlin consented to a search of the truck. Officer Johnson opened the passenger door and saw a plastic bag containing suspected marijuana lying on the floorboard. Officer Johnson questioned Tomlin and the two passengers about the apparent marijuana, and Tomlin then admitted that it belonged to him.

Tomlin was charged with possessing marijuana. He moved the trial court to suppress the marijuana found in his truck, arguing that the police had no reasonable basis for stopping his vehicle. The court held an evidentiary hearing at which Special Agent Holmes and Officer Johnson were the only witnesses. After hearing all the evidence and arguments of counsel, the court denied the motion. The case was later tried before the judge sitting without a jury. The trial court convicted Tomlin of possessing marijuana and sentenced him to 12 months probation. Tomlin appeals, challenging the denial of his motion to suppress and his subsequent conviction based on the marijuana seized from his truck.

When reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the court's judgment.[3] It is the trial court's duty to resolve conflicts of evidence, so we must adopt its findings of fact and credibility unless they are clearly erroneous.[4] In the instant case, the trial court found that Special Agent Holmes smelled marijuana coming from the truck. Because that finding of fact and credibility is not clearly erroneous, we must adopt it.

A police officer who has specific, articulable facts that give rise to a reasonable suspicion of criminal conduct may stop an automobile to investigate — a founded suspicion is all that is necessary, some basis from which the court can determine that the stop was not arbitrary

---

[3] *Stewart v. State*, 236 Ga. App. 888 (513 SE2d 778) (1999).

[4] Id.; *Peeples v. State*, 234 Ga. App. 454 (1) (507 SE2d 197) (1998).

or harassing.[5] The odor of marijuana emanating from a car provides a reasonable suspicion that marijuana is present in the car.[6]

Here, Agent Holmes' smelling marijuana smoke being blown from Tomlin's truck was a specific, articulable fact that gave rise to a reasonable suspicion that there was marijuana in the truck. Because she had a founded suspicion of a crime, her request that Tomlin's truck be stopped for a brief investigation was justified, and not arbitrary or harassing. The trial court therefore did not err in denying Tomlin's motion to suppress the marijuana found in his truck or in convicting him based on that properly discovered evidence.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 16, 2000.

*Teresa O. Weiner*, for appellant.
*Keith C. Martin, Solicitor, Aaron B. Mason, Assistant Solicitor*, for appellee.

---

[5] *Fritzius*, supra.
[6] *Taylor*, supra; see also *State v. Long*, 239 Ga. App. 463, 465 (521 SE2d 401) (1999) (the odor of marijuana coming from a car is a factor that may provide not merely reasonable suspicion, but probable cause for a search).