A00A0171. LOCKLEAR v. THE STATE.
(534 SE2d 575)

SMITH, Presiding Judge.

A misdemeanor DUI sentence against David Leon Locklear was mistakenly entered and filed in the Superior Court of Barrow County. After the papers were filed, the court clerk forwarded Locklear's driver's license to the Department of Public Safety, which suspended it. Locklear now appeals the denial of his plea in bar based on double jeopardy. He claims that his continued prosecution for DUI puts him at risk of multiple punishment for the same offense. Because we find that Locklear was not punished within the meaning of the bar against double jeopardy, we affirm.

Locklear was arrested for DUI on February 17, 1997. Locklear's counsel and the prosecutor negotiated a guilty plea, and the paperwork was prepared in advance. On February 5, 1998, Locklear appeared in court and, rather than enter the expected guilty plea, expressed dissatisfaction with his counsel, who was allowed to withdraw.

Locklear's conviction papers were not retrieved from the court. They were mistakenly signed by a judge who was not assigned to his case and eventually filed with the clerk on March 10, 1998. On April 20, 1998, Locklear filed a motion to withdraw the erroneous guilty plea, and the trial judge ordered the conviction vacated and removed from the clerk's files. Locklear does not contend that he paid any

fines or performed any community service pursuant to the erroneous conviction.

The deputy court clerk, upon receiving Locklear's conviction papers and in accordance with her normal procedures, forwarded Locklear's driver's license to the Department of Public Safety to be suspended. Locklear discovered the suspension through his insurer. Approximately two weeks after learning of the suspension, Locklear was able to reinstate his license by attending DUI school and paying the $210 reinstatement fee.

"Double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." (Citation and punctuation omitted.) *Thompson v. State*, 229 Ga. App. 526, 527 (494 SE2d 306) (1997). Locklear claims that he was punished when his license was suspended for DUI and that subsequent prosecutions would subject him to multiple punishment for the same offense.

In analyzing this case, we have little authority that is factually analogous to the case at hand. The trial court found *Smith v. State*, 174 Ga. App. 647, 649 (2) (331 SE2d 14) (1985) and *Thompson v. State*, supra, to be controlling. But these decisions are not directly on point. In *Smith*, the court mistakenly made a docket entry forfeiting a cash bond, but the bond was never actually forfeited, and the defendant did not suffer any harm. *Thompson* is one of a line of cases holding that the administrative suspension of a driver's license under OCGA § 40-5-67.1 is not punishment for purposes of double jeopardy. Locklear's license, however, was ostensibly suspended pursuant to OCGA § 40-5-63, providing for mandatory license suspension following a DUI conviction. Authority such as *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981), which holds that a defendant's sentence may not be increased once the defendant begins serving it, is also inapplicable here. No court attempted to alter a preexisting sentence.

Locklear maintains that because he was harmed, double jeopardy attached. But Locklear was never convicted of DUI. His erroneous conviction was ordered expunged from the record as soon as it was brought to the court's attention. None of the sanctions provided by the misdemeanor conviction were implemented. His license suspension was an ancillary result of the filing of the conviction papers. See OCGA § 40-5-63.

Because Locklear's license was not properly suspended, nothing prevented him from having the suspension rescinded. To obtain relief from the suspension more expeditiously, Locklear may have chosen to treat it as valid and have it lifted by attending DUI classes and paying a $210 reinstatement fee. Nevertheless, even though Locklear himself treated his license suspension as lawful, his actions did not

convert an accidental license suspension into a punishment flowing from a DUI conviction.

Locklear suffered harm, but more importantly from the standpoint of double jeopardy, he did not suffer from the prosecutorial power of the State. The prosecutor's office was not responsible for the events leading to Locklear's license suspension. As the United States Supreme Court stated in *Green v. United States*, 355 U. S. 184 (78 SC 221, 2 LE2d 199) (1957): "The underlying idea . . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense." Id. at 187. The issue of misuse of State power by repeatedly prosecuting or punishing a defendant for the same offense is not raised by the record before us. The trial court properly rejected Locklear's plea in bar.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 12, 2000 ▮▮▮▮▮▮▮▮

*William D. Healan III,* for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.