## A02A0008. BOONE v. THE STATE.
### (568 SE2d 91)

SMITH, Presiding Judge.

Walter Lee Boone, Jr. was charged by accusation with driving under the influence, impeding the traffic flow, and driving while his license was suspended. Boone was tried in the City Court of Atlanta where a jury acquitted him of the first two charges but determined that he was guilty of driving with a suspended license. The trial court imposed a twelve-month sentence but probated all but ten days of confinement and required Boone to pay $1,203. Following the denial of his motion for new trial, Boone filed this pro se appeal. Boone contends the trial court erred in denying his motion to suppress, motion for new trial, and motion for directed verdict. He claims that he did not receive notice or a hearing concerning the license suspension. He argues that the trial court failed to charge the jury about notice of suspension and asserts that his trial counsel rendered ineffective assistance. Last, he contends that he was subjected to multiple punishments for the same crime. Because we find no merit in any of these contentions, we affirm.

When viewed in the light most favorable to the verdict, the evidence shows that Officer Adam M. Wright noticed that a car had stopped in its lane of travel about 20 yards short of an intersection. The driver, later determined to be Boone, stopped to talk with someone who eventually got in the car. The traffic light completed two full cycles before Boone's car advanced. Traffic traveling in the same direction was forced to merge into one lane to go around Boone's car. After Boone finally proceeded through the light, Officer Wright initiated a traffic stop. Boone was unable to produce his driver's license or proof of insurance. Instead, with some reluctance, Boone provided his name and date of birth to Wright. Using that information, Wright learned that Boone's license was suspended. Noting Boone's bloodshot eyes, muffled speech, and his fumbling with a wallet, and detecting "a strong odor of alcoholic beverage upon his breath," Wright suspected Boone might be under the influence of alcohol. Wright asked Boone to perform some field sobriety tests. Boone, who had been arrested seven months earlier, on February 4, 2000, and charged with DUI, declined, saying, "I'm not going to take these tests because I know the drill; you're going to take me down anyway." Boone refused all testing and was arrested.

After a hearing, the trial court determined that Officer Wright's actions were not arbitrary or harassing. Noting that the officer probably had a responsibility to conduct a traffic stop, the trial court found that he acted reasonably in doing so. The trial court also determined that the State satisfied the criteria for offering similar transaction evidence and agreed to allow evidence about two prior arrests of Boone for DUI.

One similar occurrence took place on February 4, 2000. On that occasion, Lieutenant Michael Nemard watched a car go up and over a concrete lane partition that flattened a tire, and he investigated immediately. Boone was the driver of the car. Noticing obvious signs of intoxication, Nemard summoned assistance to conduct field sobriety testing of Boone. The test results led to Boone's arrest for DUI. This incident from February 4, 2000, resulted in a one-year suspension of Boone's license. A copy of a report of Boone's driving history, from which that DUI charge was redacted, was admitted in evidence. Investigator K. D. Daniels testified that Boone had been served personally with notice of the suspension of his driver's license on February 4, 2000. According to Exhibit 2, the length of the suspension was one year. Daniels testified that the report did not reflect a reinstatement date.

The other similar incident occurred in September 1999, a year before the events here. After committing several traffic violations, Boone was stopped. When Boone failed field sobriety testing, the responding officer arrested Boone for driving under the influence. Because Boone was acquitted of DUI in the case now before us, the additional details of the September 1999 incident are not relevant. In this case, no evidence showed that Boone's license was reinstated subsequent to its suspension in February 2000, and the jury convicted Boone of driving while his license was suspended.

1. Boone contends that the trial court erred in failing to grant his motion to suppress, motion for new trial, and/or motion for directed verdict. Boone, however, has failed to address the latter two motions in his brief, so they are deemed abandoned under Court of Appeals Rule 27 (c) (2). As to the motion to suppress, Boone alleges that "the officer's motives were not forthright and that his actions were unreasonable and harassing which is proved by his overall conduct." He argues that the officer "obviously totally abused the power entrusted in him" and acted unreasonably in the circumstances relating to the stop.

When reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably toward upholding the court's findings and judgment. *Stewart v. State*, 236 Ga. App. 888 (513 SE2d 778) (1999). Absent an abuse of discretion, the trial court's order on a motion to suppress will not be disturbed. *Hatcher v. State*,

219 Ga. App. 82, 84 (464 SE2d 236) (1995). As a general rule, "[a] police officer who has specific, articulable facts that give rise to a reasonable suspicion of criminal conduct may stop an automobile to investigate — a founded suspicion is all that is necessary, some basis from which the court can determine that the stop was not arbitrary or harassing." (Footnote omitted.) *Tomlin v. State*, 242 Ga. App. 405, 406-407 (530 SE2d 27) (2000). Here, the arresting officer testified that he saw Boone driving a car that was impeding the flow of traffic and that he watched cars being forced "to merge into the left-hand lane to proceed past him." Boone's subsequent acquittal for that traffic offense has no bearing on whether the officer had reasonable suspicion of unlawful conduct at the time that he instituted the traffic stop. See *Hicks v. State*, 221 Ga. App. 735, 739 (3) (472 SE2d 474) (1996). The trial court did not abuse its discretion in denying the motion to suppress. See *Hatcher*, supra.

2. Boone asserts that "the trial court erred in failing to prove that the appellant received actual or legal notice of a suspension." Apparently, Boone means to say that the State failed to prove that he received notice of the suspension of his license.

To establish the offense of driving with a suspended license, the State must show: (1) that the defendant was driving, (2) that his license was suspended, and (3) that the defendant had received actual or legal notice of the suspension. See OCGA § 40-5-121; *Arnold v. State*, 189 Ga. App. 900 (1) (377 SE2d 918) (1989). Here, those three requirements were met. When the law enforcement officer stopped the car, Boone was driving it. At the time of the traffic stop, Boone's license was under suspension. An investigator testified that Boone was personally served with notice of that suspension. This evidence was sufficient to sustain Boone's conviction for driving with a suspended license. Id.

3. Boone contends the trial court erred in refusing to give his requested charge on notice of suspension. Boone requested this charge: "One of the elements of driving while one's license is suspended is notice to the defendant of action of suspension of the license. Absent proof of actual legal notice to the defendant, a conviction for that offense cannot be sustained." Boone theorizes that "the jury would have rendered a verdict of not guilty had they been properly charged and if they were correctly informed of the law and the procedure outlined in OCGA § 40-5-67.1."

"In order for the trial court's failure to give a requested instruction to constitute reversible error, the refused request must be a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given." (Citations and punctuation omitted.) *Carter v. State*, 263 Ga. 401, 403 (4) (435 SE2d 42) (1993). Here, the trial court's charge was full

and fair and substantially covered all the legal principles relevant to the determination of guilt. Having reviewed the jury instructions as a whole, we find no error. See *Buckalew v. State*, 249 Ga. App. 134, 138 (4) (547 SE2d 355) (2001).

4. Although Boone complains that he did not receive an administrative hearing for his suspended license, we cannot address issues raised for the first time on appeal. See *McDaniel v. State*, 221 Ga. App. 43, 46-47 (1) (470 SE2d 719) (1996). " '[T]his is a court for correction of errors of law committed by the trial court where proper exception is taken.' " *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997). Whether an administrative hearing took place subsequent to Boone's earlier arrest "would have no bearing on whether or not he was driving under the influence of alcohol," impeding the traffic flow, or driving with a suspended license in this case. *Wyatt v. State*, 179 Ga. App. 327, 328 (1) (346 SE2d 387) (1986).

5. Boone claims that his trial counsel was ineffective, but he failed to raise the issue of ineffectiveness in his motion for new trial. By not raising the issue at the earliest practicable moment, Boone waived appeal of the issue. *Howard v. State*, 233 Ga. App. 724, 730 (7) (505 SE2d 768) (1998).

6. Boone contends that multiple punishments are being imposed for the same offense. He claims that the administrative license suspension resulted from a February 4, 2000 DUI charge that had not been adjudicated. He asserts that "the monumental and overwhelming error here is that the appellant is charged with driving on a suspended license when it has not been determined whether the license should have been suspended initially."

Double jeopardy protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Locklear v. State*, 244 Ga. App. 10, 11 (534 SE2d 575) (2000). The suspension of Boone's driver's license was an administrative procedure and did not constitute punishment or prosecution. *Miles v. Kemp*, 233 Ga. App. 850, 852 (506 SE2d 141) (1998). Boone suffered no harm that resulted from the "prosecutorial power of the State." *Locklear*, supra at 12. Because a driver's license is a privilege and not an absolute right, that privilege may be revoked or suspended for cause. *Nolen v. State*, 218 Ga. App. 819, 822 (463 SE2d 504) (1995). Double jeopardy concerns did not arise. Id. at 823.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED JUNE 20, 2002 —
RECONSIDERATION DENIED JULY 1, 2002 ▮

Walter L. Boone, Jr., *pro se.*
*Joseph J. Drolet, Solicitor-General, Richard R. Burris, Assistant Solicitor-General*, for appellee.