### A04A1543. GALVAN v. THE STATE.
(605 SE2d 919)

</div>

BARNES, Judge.

Julian Galvan appeals his conviction, following a stipulated bench trial, for trafficking in methamphetamine. Galvan contends the trial court erred by denying his motion to suppress.

Galvan's motion to suppress alleged that Galvan was arrested while he was committing no crime or behaving in any manner to justify his arrest, and that he was searched without probable cause or his consent. The State, however, contended that the search was authorized because Galvan consented to it.

At the hearing on his motion to suppress, three law enforcement officers testified that they were conducting an investigation at a house trailer when Galvan approached. Believing that Galvan was a friend of the person under investigation, the officers invited him to come in. Once there, one of the officers asked Galvan for identification and, even though he professed not to speak English, Galvan produced an identification card. Shortly thereafter, another officer asked Galvan, through words and gestures, about weapons or contraband in his pockets, and Galvan responded by raising his hands above his head and nodding. Although the officers demonstrated for the court the gestures that the officer and Galvan made, the gestures were not described in the record.

Interpreting the gesture as giving consent to search, the officer patted down Galvan's pants. In one pocket she located a cell phone, and in the other pocket a packet of methamphetamine. The parties stipulated that the methamphetamine weighed more than 28, but less than 200 grams.

Galvan did not testify. Accordingly, no evidence was before the court contesting the officers' testimony that by his gesture Galvan consented to the search.

After the hearing, the trial court ruled from the bench, as follows:

> The court finds that the initial contact between the defendant and the police . . . was a valid police/citizen encounter which required no basis for it whatsoever. That during the course of that [encounter], . . . there was a request for a pat down of the defendant. The defendant, by his actions . . . by raising of his arms and by his not taking any action to stop them, . . . agreed to the pat down; the pat down of the outside of his clothing took place where a hard object was located that the officers were not able to identify. They were able to identify one object from one pocket and not able to identify another object in another pocket.

> Considering the totality of the circumstances, [this] gave them a . . . reasonable and articulable suspicion to believe that criminal activity was afoot. At that point in time, the further detention was authorized. Upon being asked what was in your pocket, the defendant voluntarily pulled the item out of his pocket. The defendant's motion to suppress is denied.

Subsequently, the court issued an order denying Galvan's motion to suppress, stating:

> After hearing evidence and argument, this Court finds that the Clayton County Drug Task Force agents had a valid

police citizen encounter with defendant. Based upon defendant's behavior, it was reasonable for the agents to believe he consented to a pat down of his pants pockets for illegal drugs or weapons. Upon feeling a hard object in his right pocket, which was inconsistent with the cell phone that he claimed it was, and based on the totality of the existing circumstances, the agents had reasonable and articulable suspicion to believe criminal activity was in progress. Defendant's detention to determine the contents of his pocket was authorized.

In Georgia,

[w]hen an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.

Second, the trial court's decision with regard to [the] questions of fact and *credibility* must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

Although the Fourth Amendment applies to all seizures of the person, including those that involve only a brief detention, these rights may be waived by voluntarily consenting to search, and a valid consent to search eliminates the need for both probable cause and a search warrant. *Payne v. State*, 244 Ga. App. 734, 735 (2) (536 SE2d 791) (2000). Merely requesting consent to search, however, is not a seizure and does not require articulable suspicion. *State v. Ledford*, 247 Ga. App. 412, 414 (1) (a) (543 SE2d 107) (2000).

When the State relies upon consent, it has the burden of demonstrating that the consent to search was voluntarily given, and that it was not the result of duress or coercion, express or implied.

Further, the trial court must determine, based on all the circumstances, whether the consent was voluntary. *Lombardo v. State*, 187 Ga. App. 440, 441 (1) (370 SE2d 503) (1988).

In this case, Galvan contends that he did not consent to the search and not that his consent was coerced. However, based on a careful review of the record before us under the standards stated in *Tate*, supra, 264 Ga. at 54, and particularly in the absence of any description in the record of the gestures made by the officer and Galvan, we conclude that the totality of the circumstances supported the trial court's determination that Galvan consented to the search of his person.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 1, 2004 — 

*Steven M. Frey*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.