A06A2174. BAILEY v. THE STATE.
(641 SE2d 548)

RUFFIN, Chief Judge.

Following a bench trial, Lidurrius Bailey was found guilty of trafficking in cocaine, possessing marijuana, and obstructing an officer. He appeals the denial of his motion to suppress and motion for new trial. For reasons that follow, we affirm.

In reviewing a trial court's ruling on a motion to suppress, we accept the trial court's findings of fact and determinations of witness credibility unless they are clearly erroneous, and we construe the evidence in favor of the trial court's ruling.[1] So viewed, the evidence shows that on October 15, 2003, Trooper James Kilgallen of the Georgia State Patrol was monitoring traffic on Interstate 85 in Troup County. Trooper Kilgallen was in his patrol vehicle in the center median, perpendicular to the flow of traffic. Bailey was driving his vehicle, a Lincoln Navigator, southbound on the interstate. As Bailey's vehicle approached him, Trooper Kilgallen saw through the front windshield of the Navigator that Bailey was not wearing a seat belt. This was apparent because Bailey was wearing a light-colored shirt

---

[1] See *Galvan v. State*, 270 Ga. App. 282, 284 (605 SE2d 919) (2004).

and Kilgallen could see no darker stripe across Bailey's chest indicating that he was wearing a seat belt. Trooper Kilgallen testified that he had "a clear and unobstructed view" of Bailey through the windshield.

As Trooper Kilgallen began to follow the Navigator, he noticed that the registration sticker on the vehicle's tag was partially obscured by a rim around the tag. He initiated a traffic stop because Bailey was not wearing his seat belt and because the vehicle's registration sticker was obscured.[2] After Bailey stopped, he exited his vehicle and approached Trooper Kilgallen, who asked him to return to his vehicle for safety reasons. Once Bailey was back in his vehicle, Trooper Kilgallen spoke with him through the passenger side window. Trooper Kilgallen noticed an open bottle of liquor in the vehicle's center console, smelled marijuana, and noted that Bailey seemed nervous. He asked Bailey, "[w]hen were you smoking weed last or ha[s] somebody [been] in your car smoking weed last? How long has it been, because I wouldn't ask unless I could smell it." Bailey admitted that he had smoked marijuana a "couple of weeks" earlier, but not in the car. Bailey consented to a search of the vehicle, but none took place at that time. Trooper Kilgallen instead called another trooper to the scene to assist him and began checking Bailey's driver's license and vehicle registration.

After another trooper arrived, Trooper Kilgallen issued Bailey a warning for his tag and seat belt violations and again asked for permission to search the vehicle. Bailey refused to give consent, and a K-9 unit was dispatched to the scene. As the two troopers continued to talk with Bailey, they noticed that his registration sticker was forged.[3] After Bailey, who was standing outside of his car, attempted to remove the forged tag from the vehicle, he was placed in handcuffs. He escaped from the handcuffs, took a bag from the back seat of the Navigator, and attempted to flee. The two troopers subdued Bailey and placed him under arrest. There was cocaine in the bag he took from the vehicle and elsewhere in the vehicle. Bailey also had marijuana in his possession.

The trial court heard Bailey's motion to suppress the drug evidence as part of a bench trial. It denied the motion to suppress and found Bailey guilty of trafficking in cocaine, possessing marijuana, and obstructing an officer.

---

[2] The encounter was videotaped; the tape was played for the trial court and a transcript provided.

[3] The registration sticker on Bailey's tag was a red 2002 Georgia registration sticker from a vehicle other than the Navigator. It had been painted blue in order to make it appear to be a 2003 Georgia registration sticker.

1. Bailey first argues that the trial court should have granted his motion to suppress the drugs seized from him because the traffic stop was pretextual. "When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision."[4] Bailey asserts that there was no basis for Trooper Kilgallen to stop him for either a seat belt violation or a tag violation. An officer must have a reasonable articulable suspicion of criminal activity in order to initiate a traffic stop.[5]

Despite Trooper Kilgallen's testimony that he had a "clear and unobstructed" view of Bailey, who was not wearing a seat belt, Bailey contends that this evidence is overcome by his own testimony that he was wearing a seat belt and the testimony of his expert witness. The expert witness, Bernard Charette, testified that, based on his re-enactment of conditions similar to those in which Trooper Kilgallen stopped Bailey, Trooper Kilgallen could not have seen whether Bailey was wearing a seat belt. The re-enactment staged by Charette, however, differed in several critical ways from the conditions under which the actual stop was made. Charette performed a "rolling re-enactment," driving his vehicle behind and next to a Navigator similar to Bailey's, and a stationary test in which he parked his vehicle on the shoulder of the interstate parallel to the flow of traffic and attempted to observe whether drivers on the other side of the interstate were wearing seat belts. The driver in the test was wearing a dark rather than a light shirt, Charette did not park in the median perpendicular to oncoming traffic, and he did not observe the driver through the front windshield.[6]

" '[W]e must defer to the trial court's determination on the credibility of witnesses, and the trial court's ruling on disputed facts must be accepted unless it is clearly erroneous.' "[7] Under these circumstances, the trial court was authorized to reject the expert's testimony and to believe Trooper Kilgallen's testimony that he was able to see that Bailey was not wearing a seat belt.[8] And when an officer observes a traffic law violation, "the resulting stop is not pretextual."[9]

Bailey also argues that there was no basis for Trooper Kilgallen to stop him for the tag violation because, even though the frame around his license plate partially obscured the registration stickers,

---

[4] (Punctuation omitted.) *Cutter v. State*, 274 Ga. App. 589 (617 SE2d 588) (2005).

[5] See *Stearnes v. State*, 261 Ga. App. 522, 524 (2) (583 SE2d 195) (2003).

[6] The rear and side windows of a Navigator are typically tinted, while the front windshield is not.

[7] *Wesson v. State*, 279 Ga. App. 428, 431 (2) (631 SE2d 451) (2006).

[8] See *Turner v. State*, 265 Ga. App. 40, 41 (2) (592 SE2d 864) (2004); *Wesson*, supra at 432.

[9] *State v. Bute*, 250 Ga. App. 479, 482 (552 SE2d 465) (2001); *Turner*, supra.

this did not constitute a violation of OCGA § 40-2-6, Alteration of License Plates. We need not reach this issue, as the seat belt violation provided a valid basis for the traffic stop.[10]

2. Bailey contends that the trial court should have granted his motion to suppress because Trooper Kilgallen "impermissibly exceeded the scope of his original traffic stop because he did not have any reasonable, articulable suspicion of criminal activity" such that continued detention was warranted. Trooper Kilgallen testified, and the videotape of the traffic stop confirms, that he smelled marijuana smoke in Bailey's vehicle, questioned him about it at the beginning of the traffic stop, and soon thereafter requested that a K-9 unit be dispatched.

Bailey argues, however, that the trial court should have found the officer's testimony unreliable because of the expert testimony of Dr. Warren Woodford and the fact that the only marijuana found in Bailey's possession was unburned. Dr. Woodford testified that humans' sense of smell is subjective and that he did not believe a human could smell unburned marijuana. He admitted, however, that it was not impossible that Trooper Kilgallen smelled marijuana in Bailey's vehicle.

This expert testimony, even if fully accepted by the trial court, would not necessarily overcome Trooper Kilgallen's testimony. Dr. Woodford testified that the odor of marijuana smoke lingers in items such as "clothing, upholstery, [or] rugs" for "a long period of time." We note that Trooper Kilgallen asked Bailey "[w]hen were you smoking weed last[?]" because he "could smell it." Trooper Kilgallen testified, "I did not see smoke billowing out of the windows, but I smelled it." Thus, the trial court could have concluded that Trooper Kilgallen smelled marijuana smoke rather than unburned marijuana in Bailey's vehicle, which gave him a reasonable articulable suspicion of criminal activity.[11] And once Trooper Kilgallen had a reasonable articulable suspicion of criminal activity, continued detention of Bailey was warranted.[12]

Additionally, Bailey's reliance on Judge Barnes's special concurrence in *King v. State*[13] is misplaced. In *King*, the officer testified that he could smell unburned marijuana in a vehicle he had stopped for a traffic violation. There were ten pounds of marijuana wrapped in cellophane in a department store bag in the trunk of the vehicle. In affirming the denial of a motion to suppress, this Court held that the

---

[10] See *Worsham v. State*, 251 Ga. App. 774, 775 (554 SE2d 805) (2001).

[11] See *Tomlin v. State*, 242 Ga. App. 405, 406 (530 SE2d 27) (2000).

[12] See id.

[13] 267 Ga. App. 546 (600 SE2d 647) (2004) (physical precedent only).

trial court was authorized to believe the officer's testimony that he was trained to recognize the smell of unburned marijuana.[14] In her special concurrence, Judge Barnes indicated that it strained credulity to believe that an officer could "stand outside the car and smell unburned marijuana wrapped in plastic inside a bag in the closed trunk, over the competing odor of a baby powder-scented air freshener and a Black & Mild cigar."[15] In the present case, however, the officer's testimony is that he smelled marijuana smoke, not unburned marijuana, in the vehicle. And we have previously held that "the odor of burnt marijuana in the vicinity of [a] car provide[s] probable cause for its search."[16] Accordingly, we conclude that there was a substantial basis for the trial court's denial of Bailey's motion to suppress.[17]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 30, 2006 —
RECONSIDERATION DENIED FEBRUARY 1, 2007 — 

*Dwight L. Thomas, Jason B. Sheffield*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.

---

[14] See id. at 548.
[15] Id. (Barnes, J., concurring specially).
[16] *Soloman v. State*, 252 Ga. App. 787, 788 (1) (556 SE2d 914) (2001).
[17] See *Williams v. State*, 273 Ga. App. 637, 640 (3) (615 SE2d 789) (2005).