A08A0315. WHITMORE v. THE STATE.

(657 SE2d 1)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, Alexia Whitmore appeals her conviction for DUI (less safe),[1] impeding traffic,[2] and possessing an open container in a vehicle.[3] Her sole enumeration of error is that the trial court erred in denying her motion to suppress evidence discovered during an encounter with police. We hold that the evidence supported a finding that this was only a first-tier encounter that required no reasonable suspicion of criminal activity, and that even if this were a second-tier encounter, Whitmore's act of impeding traffic provided the officer reasonable grounds to conduct a traffic stop. Accordingly, we affirm.

The standard of review on a ruling on a motion to suppress is clear.

> When ruling on a motion to suppress, the trial court sits as the trier of facts, and its findings regarding them are not disturbed on appeal if there is any evidence to support them; the trial court's decisions with regard to questions of fact and credibility must be accepted unless clearly erroneous, and a reviewing court construes the evidence most favorably to the trial court's findings.

---

[8] *Perdue,* supra at 769 (1) (c).
[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-184 (a) (1).
[3] OCGA § 40-6-253 (b) (1) (B).

(Punctuation omitted.) *Bryant v. State.*[4]

So construed, the evidence shows that an officer in his patrol car approached an intersection where two vehicles traveling in the same direction as the officer were stopped side by side at a traffic light that was green. The driver of the vehicle on the right had exited her car and was speaking to the driver of the vehicle on the left (who was on a cell phone) by leaning in the passenger window. Coming to a stop behind the vehicles, the officer activated only his rear blue lights so as to alert traffic behind him. The officer, believing that perhaps this was an accident, approached the driver leaning in the window and asked what they were doing. Both drivers announced that they were lost and were trying to get directions. The officer indicated that he would assist in giving them directions but asked for safety reasons that they move their vehicles to a parking lot on the right to get out of the middle of the road. The drivers did so, and when the officer approached to speak with the driver of the vehicle that had been on the left, he smelled an odor of alcohol, and she admitted to having consumed some martinis. This driver, who was Whitmore, failed several field sobriety tests and also refused a breath test (after being arrested and receiving proper notice).

Charged with DUI (less safe), impeding traffic, and possessing an open container of alcohol in her vehicle, Whitmore moved to suppress the evidence obtained during her encounter with police, which motion the trial court after a hearing denied. The trial court in a stipulated bench trial found her guilty on all charges.

Whitmore contends that the encounter was an illegal traffic stop unsupported by a reasonable suspicion of criminal activity, and that therefore the court should have granted her motion to suppress the evidence obtained during the encounter. We disagree.

Decisions of the United States Supreme Court have set forth three tiers of police-citizen encounters: "(1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause." (Punctuation and emphasis omitted.) *Bryant*, supra at 866 (1) (a). During a first-tier encounter, "police may approach citizens, ask for identification, ask for consent to search, and otherwise freely question the citizen without any basis or belief of criminal activity, so long as a reasonable person would feel free to decline the officers' request or otherwise terminate the encounter." (Punctuation omitted.) Id. at 866-867 (1) (a). We will sustain a trial court's ruling that an encounter was a

---

[4] *Bryant v. State*, 288 Ga. App. 863, 866 (1) (655 SE2d 707) (2007).

first-tier encounter so long as some evidence supports the facts underlying that determination. Id. See *McClain v. State.*[5]

Here, some evidence indicated that this was a first-tier encounter. The vehicles were already stopped at the intersection at the time the officer approached the vehicles and asked what was going on. See *Chapman v. State*[6] (" '[i]t is well established that an officer's approach of a stopped vehicle and inquiry as to what is going on does not constitute a stop or seizure and clearly falls within the realm of the first type of police-citizen encounter' "). The officer testified that he was not conducting a traffic stop but, suspecting an accident, simply wanted to determine why the vehicles were stopped and the drivers were conversing in the middle of the road at a green light. Because it was not a traffic stop, the officer activated only his rear blue lights to alert traffic behind him so as to prevent someone hitting him from behind. When the drivers indicated they were lost and needed directions, the officer offered his assistance but requested that they move their vehicles to a parking lot on the right so as to avoid impeding traffic and to ensure greater safety. At this point, the encounter continued to be a first-tier encounter, as the officer testified that the drivers were free to leave had they so chosen, and no other evidence indicated otherwise.[7] Only when the officer approached Whitmore in the parking lot and smelled the alcohol on her breath did the encounter become a second-tier encounter, as the officer at that point began a brief investigatory detention to determine whether Whitmore was violating the DUI statute.[8] The alcoholic smell provided the officer reasonable grounds to conduct a second-tier investigatory detention. *McClain*, supra, 226 Ga. App. at 718 (1). See *Johnson v. State.*[9]

Moreover, even if we were to accept Whitmore's contention that the encounter escalated to the second tier when the officer requested her to move her vehicle to the parking lot, at that point the officer had reasonable grounds for conducting a brief investigatory detention based on his witnessing Whitmore's traffic violation (see OCGA § 40-6-184 (a)) when she remained stopped and conversed with the other driver at the green light, which impeded the officer's own patrol

---

[5] *McClain v. State*, 226 Ga. App. 714, 717-718 (1) (487 SE2d 471) (1997).

[6] *Chapman v. State*, 279 Ga. App. 200, 202 (1) (630 SE2d 810) (2006).

[7] Curiously, though different in several respects, Whitmore's own testimony supported a finding that the entire encounter was of the first-tier variety, as she testified that the officer did not appear at the intersection but only approached them at the parking lot where she and the other driver had already voluntarily parked their cars to determine their location.

[8] OCGA § 40-6-391 (a) (1).

[9] *Johnson v. State*, 268 Ga. App. 426, 430 (4) (602 SE2d 177) (2004).

car as he approached the intersection. See *Boone v. State.*[10] Compare *State v. Templeman*[11] (evidence supported the trial court's finding that defendant did not impede traffic where no traffic came up behind him while stopped at green traffic light). Indeed, Whitmore was convicted of this charge, which conviction she does not challenge as lacking sufficient evidence.

As evidence supported its ruling, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 7, 2008.

*Rodney A. Williams*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Julie Bedore Potts, Assistant Solicitor-General*, for appellee.

---

[10] *Boone v. State*, 256 Ga. App. 220, 222 (1) (568 SE2d 91) (2002).
[11] *State v. Templeman*, 229 Ga. App. 6, 7 (492 SE2d 902) (1997).