A90A0348. BROCKINGTON v. THE STATE.
(393 SE2d 765)

McMURRAY, Presiding Judge.

Defendant was convicted of armed robbery and now appeals following the denial of his motion for a new trial. *Held*:

1. Defendant assigns error upon the denial of his motion for a new trial. In this regard, he argues he was given an opportunity to enter a negotiated plea to robbery but instead insisted upon a jury trial without fully appreciating the significance of an armed robbery conviction. Completing the argument, defendant asserts "the court should have some means of allowing him to undo that choice. Guilty pleas may be withdrawn or set aside in appropriate situations. Why not not guilty pleas." Brief of Appellant, p. 5. We are not persuaded.

Defendant had a choice of pleading guilty to robbery or pleading not guilty to armed robbery. He chose the latter course and must endure the consequences. The rationale expressed in *Allen v. State*, 193 Ga. App. 670, 672 (388 SE2d 889) (1989), applies equally here: "A criminal defendant should not be allowed to reject a sentence concession that is offered in return for a guilty plea and then bind the State to that rejected original lenient sentence even though he is later convicted after a trial. To hold otherwise would allow a criminal defendant to go to trial and seek an acquittal knowing that, even if unsuccessful, he would receive a sentence which is no less lenient than that he was originally offered."

2. The trial court's charge on robbery by intimidation was neither misleading nor confusing. Assuming, arguendo, the charge on robbery by intimidation was not as clear and precise as desired, we find that, viewed in its entirety, the trial court's charge fully and fairly instructed the jury on the law of the case. See *Riceman v. State*, 166 Ga. App. 825, 827 (2) (305 SE2d 595), wherein we held: "The court's instruction to the jury should be looked to as a whole, and if the applicable law is stated accurately and fairly, in such manner as to work no prejudice to the defendant, then this court will not consider a challenge to the wording of isolated segments." The second enumeration of error is without merit.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 4, 1990.

John D. McCord III, for appellant.
Robert E. Wilson, District Attorney, Desiree L. Sutton, Robert W. Houman, Assistant District Attorneys, for appellee.