A93A1778. THE STATE v. GOLDEN.
(437 SE2d 492)

BLACKBURN, Judge.
The appellee Billy Golden was charged by accusation with driving under the influence of alcohol, driving without a driver's license, and driving without a tag. The trial court granted Golden's motion to suppress the evidence. On appeal, the State contends that the trial

court erred in determining that no "articulable suspicion" existed to justify the initial stop by the Cobb County police officer.

Officer Bolenbaugh, with the Cobb County Police Department, testified at the motion to suppress hearing that on November 25, 1992,[1] he was dispatched on a suspicious vehicles call to the area around Gettysburg Road and Todd Drive. Upon arrival to the area, at approximately 6:00 p.m., he noticed two vehicles parked on the side of the roadway, facing each other. Several people were standing around the vehicles. Officer Bolenbaugh then noticed a four-wheel drive pickup truck, driven by Golden, enter the street from the undeveloped lot next to the parked vehicles. Officer Bolenbaugh activated his blue lights, stopped the pickup truck, and informed Golden to wait while he spoke to the other individuals standing around the parked cars.

Officer Bolenbaugh testified that the reasons he stopped the vehicles were that he "felt it uncommon for vehicles to be parked in that area in that fashion after dark and also to see the . . . pickup truck come out of a wooded area in a residential area at night. And in [his] experience and in [his] opinion, this cast suspicion on all parties involved. And [he] felt it necessary to at least stop and identify all parties and make sure that no criminal violations had taken place."

The testimony was disputed as to whether the incidents observed by Officer Bolenbaugh were uncommon. Golden testified that he had been testing his relatively new four-wheel drive pickup truck in the undeveloped area and that his friends were there watching. He described the area as "an old dirt pit . . . just a mud hole where we go down there and ride motorcycles and four-wheelers." He further testified that people were there driving "about every day . . . on the weekends." Golden testified that the area was not wooded as Officer Bolenbaugh had described, but that there were some small pine trees and sagebrush. Golden also disputed that it was dark outside, explaining that he had not been using his headlights because it was not dark, only dusk.

A thorough analysis of the Fourth Amendment requirements on investigative stops of vehicles is found in *Evans v. State*, 183 Ga. App. 436 (2) (359 SE2d 174) (1987), where we reiterated the necessity for a determination that the totality of the circumstances created a particularized suspicion that the individual being stopped was engaged in wrongdoing. Id., quoting *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981). On the facts now before us, we have no particularized suspicion, but merely an officer wanting confirmation that no crime was committed.

---

[1] November 25, 1992, was the Wednesday before the Thanksgiving Day holiday weekend.

"Where there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is evidence to authorize a finding in support of [its] order." (Citations, punctuation and emphasis omitted.) *State v. Holton*, 205 Ga. App. 434, 437 (422 SE2d 295) (1992). The trial court did not err in granting defendant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 8, 1993.

*Ben F. Smith, Jr., Solicitor, Elizabeth L. Guerra, Assistant Solicitor*, for appellant.

*Larry W. Yarbrough*, for appellee.