## A94A1878. JACKSON v. THE STATE.
(448 SE2d 761)

SMITH, Judge.

Jo Lynne Jackson entered a conditional guilty plea to boating under the influence under the procedure outlined in *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991), on February 10, 1994.[1] She preserved for review the denial of her motion to suppress based on the arresting officer's lack of an articulable suspicion to detain her. Since we conclude that the officer was authorized by statute to make the stop, we affirm.

The facts are not in material dispute. On the evening in question, Calvin Stewart, a law enforcement officer for the Georgia Department of Natural Resources, was patrolling the waters near Lake Lanier Islands in Hall County, Georgia. At about 11:00 p.m., Corporal Stewart came upon a boat, illuminated it with a spotlight, and noticed "two different registration decals . . . , one Georgia and one Florida." Although the Georgia registration decal appeared to be current, Corporal Stewart nevertheless decided to stop the boat to see if its Georgia registration was valid. As a result, Stewart discovered that Jackson was boating under the influence. Only the validity of the stop leading to Jackson's arrest is at issue here.

OCGA § 52-7-25 (a) provides, in pertinent part, that "[a]ny person empowered to enforce [the general provisions dealing with the registration, operation, and sale of watercraft] and any rule or regulation adopted pursuant hereto shall have the authority to stop and

---

[1] Although still permissible on the date the plea was entered, we reiterate that the procedure relied upon by Jackson has since been disapproved as a means of preserving issues for review in this court. *Hooten v. State*, 212 Ga. App. 770-775 (1) (442 SE2d 836) (1994).

board any vessel subject to this article or any such regulation for the purpose of inspection or determining compliance with this article. . . ." OCGA § 52-7-25 (b) (4) authorizes such officers "[t]o board vessels in use, for purposes of examining any documents and safety equipment. . . ." These statutory provisions clearly authorize officers such as Corporal Stewart to make investigatory stops of watercraft for the sole purpose of *verifying* that the operator has the proper documentation and safety equipment on board. The officer need not suspect wrongdoing before such a stop is permitted under the plain language of OCGA § 52-7-25. Moreover, we find it questionable at best that the statute constitutes impermissible overreaching by the General Assembly. We simply note that the boating public does not *necessarily* have the same expectation of privacy on regulated waterways as does the motoring public.

In any event, Jackson has not challenged the constitutionality of OCGA § 52-7-25, but instead has urged this court to consider her encounter with Stewart under the familiar standard of *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). However, we cannot ignore clear and controlling statutory authority precluding such an analysis. Moreover, this court is without jurisdiction to examine the constitutionality of OCGA § 52-7-25 even if Jackson had properly pursued that course in the trial court. 1983 Ga. Const., Art. VI, Sec. VI, Par. II (1).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 16, 1994 —
RECONSIDERATION DENIED OCTOBER 4, 1994 —

*Leroy W. Robinson, Jr.,* for appellant.
*Jerry Rylee, Solicitor,* for appellee.