A94A1504. POPHAM v. THE STATE.
(449 SE2d 150)

SMITH, Judge.

Leslie Suzanne Popham was indicted by a Cobb County grand jury for possession of cocaine. OCGA § 16-13-30. She entered a guilty plea pursuant to *Mims v. State*, 201 Ga. App. 277, 279 (410 SE2d 824) (1991), reserving her right to appeal the trial court's denial of her motion to suppress evidence.[1]

At the hearing on the motion to suppress, a Cobb County police officer testified he was on duty at a construction site in his patrol area at approximately 11:00 p.m. There were no street lights in the area, and eight to ten houses in the subdivision were still under construction. He saw a vehicle parked on a cul-de-sac at the "very rear" of the construction site. As he watched, the driver turned on the headlights and left the subdivision. The officer testified he was concerned because of thefts and other problems such as teenagers "parking or drinking" late at night in other construction sites in the area, including an incident in which he had made an arrest for theft a few miles away. He followed the vehicle out of the construction site and made a traffic stop.

Popham was sitting in the front passenger seat of the vehicle.

---

[1] This procedure was still permissible on February 18, 1994, the date the plea was entered, but has since been disapproved. *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994). See *Jackson v. State*, 214 Ga. App. 726 (448 SE2d 761) (1994).

The officer arrested the driver of the vehicle for driving with a suspended license, and during this process, Popham moved "quickly" from the passenger to the driver's seat. The officer left his patrol car and walked up to ask Popham if she had a valid driver's license to remove the vehicle from the scene. During his conversation with her he asked if "she had anything in the vehicle." Popham got out of the car and said, "Go ahead, take a look." As the officer looked into the driver's area from outside the car, Popham re-entered the driver's side. The officer asked her if she had anything in the glove box, and she opened it up and said, "See, I don't have anything in here." The officer walked around to the passenger side and opened the door. He then saw and seized a small plastic bag containing a "white rock" lying on the passenger seat "in plain view," and a second bag lying on the floor beside the seat.

Popham first contends that the police officer had no basis for the initial investigatory stop. However, in *Jones v. State*, 156 Ga. App. 730 (275 SE2d 778) (1980), we affirmed the trial court's refusal to suppress evidence obtained after a stop made under almost identical circumstances. *State v. Golden*, 210 Ga. App. 800 (437 SE2d 492) (1993), cited by Popham, is factually distinguishable. In *Golden*, the trial court granted the defendant's motion to suppress. The arresting officer testified he stopped the defendant because it was unusual for a group of vehicles to be gathered in a wooded area after dark. The defendant offered evidence contradicting the officer's testimony on virtually every point, including testimony that it was not dark, there were no woods, and the area was a regular gathering place for motorcycle and four-wheel-drive enthusiasts. 210 Ga. App. at 801. This court affirmed, noting that where a conflict exists in the evidence, the ruling of the trial court will be upheld where there is evidence to support it. 210 Ga. App. at 802. Here, as in *Golden*, there was a conflict in the evidence, and it was sufficient to support the trial court's determination.

Popham also asserts that the police officer exceeded the scope of her permission for a search of the vehicle. Citing *State v. Diaz*, 191 Ga. App. 830 (383 SE2d 195) (1989), and *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324) (1991), she contends she gave permission for the officer merely to "take a look" in the vehicle and later to "see" in the glove compartment, but that her permission terminated at that time and she did not consent to his opening the passenger side door for a closer look. However, both cases cited by Popham involved the search of closed containers within a vehicle and held that to be an impermissible extension of the scope of the defendants' consent. 191 Ga. App. at 832; 201 Ga. App. at 324.

Here there was no search of a closed container. The plastic bags were in plain view on and beside the passenger seat, and the officer

did not touch or move anything in the interior of the car. *Garcia v. State*, 207 Ga. App. 653, 656 (1) (c) (428 SE2d 666) (1993). Moreover, Popham not only invited the officer to "go ahead, take a look," she also opened the glove compartment and repeated her invitation to the officer. There is no evidence that she withdrew her consent or gave any indication that the officer should stop looking. Id. at 655. The ordinary action of opening the passenger door does not rise to the level of opening containers within the car or disassembling parts of the vehicle. Compare *Amato v. State*, 193 Ga. App. 459 (388 SE2d 54) (1989).

On review of a decision on a motion to suppress, we will construe the evidence most favorably to uphold the trial court's findings, and we will adopt the trial court's determinations on disputed facts and credibility if there is any evidence to support them. *Corley,* supra at 320. The evidence in the record supports the trial court's ruling that Popham's consent to search was freely given and included an unobstructed view of the passenger compartment within its scope. The trial court did not err in denying Popham's motion to suppress.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1994.

*Steven A. Cook,* for appellant.

*Thomas J. Charron, District Attorney, Ken Israel, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.