## A03A1347. SEYMOUR v. THE STATE.
### (586 SE2d 713)

Phipps, Judge.

Andrew Seymour appeals the denial of his plea in bar of former jeopardy made after the trial court granted his motion for a mistrial. Seymour urges this court to adopt a new standard when evaluating whether double jeopardy bars retrial after a mistrial is granted due to conduct of the state or its witnesses. We decline to do so and affirm.

The record shows that Seymour was charged with DUI, improper driving, leaving the scene of an accident, and no proof of insurance. The trial court conducted an evidentiary hearing to determine if the state could admit evidence of Seymour's guilty plea in 1999 to another DUI charge as a similar transaction. While it ruled that the previous guilty plea to DUI could be admitted, the court and the parties agreed that the state would not admit evidence of Seymour's simultaneous nolo contendere plea to driving on a suspended license.

During Seymour's trial, a police officer testifying about the circumstances of the 1999 DUI charge provided a narrative response to the state's question, "And on that date what circumstances led up to you having contact with Mr. Seymour?" At the end of her narrative response, the officer stated, "At that point I talked to — I called into central and was running the driver's license for the individual. The license came back suspended for implied consent — ." Defense counsel objected and moved for a mistrial because the officer's testimony interjected yet another former DUI charge into the case. During his argument in support of the mistrial motion, defense counsel stated, "I'm not blaming the prosecutor in this case. This is at the end of narrative testimony, but still it's by a police officer, a state's witness." The trial court declared a mistrial, but found no intent on the part of the state to create the circumstances leading to the mistrial and noted that its ruling on the admission of the 1999 DUI did not address the admission of a previous implied consent license suspension.

Seymour subsequently filed a plea in bar based on double jeopardy. During the hearing on the motion, defense counsel again acknowledged:

Now, I'm not here — gonna suggest, that the prosecution in this case, tried to goad the defense into a mistrial. Maybe I should argue that on my client[']s behalf, that [sic] in good conscience, I don't think I can. I mean it just wouldn't be fair; it wouldn't be true. . . . Now I — the officer probably didn't do this deliberately either.

As in this appeal, Seymour's counsel urged the trial court to adopt a less stringent standard when evaluating double jeopardy claims following a mistrial granted at the defendant's request. According to Seymour's counsel, the police officer's statement "was completely opposed to the spirit of the Court[']s earlier ruling" and resulted from "pretty serious neglect here in preparing the state[']s witnesses." The trial court applied existing law and denied Seymour's plea in bar of former jeopardy.

1. In his first enumerated error, Seymour requests that we adopt a new analysis to determine if a mistrial resulting from the conduct of the state or its witnesses will result in the application of the double jeopardy clause of the Georgia Constitution.[1] Seymour acknowledges that under existing authority, our double jeopardy clause will not bar retrial unless the prosecutorial conduct causing the mistrial was intended to "goad" him into moving for it.[2] According to Seymour, we should follow the lead of other states that have rejected this specific intent requirement and fashion a more objective standard.[3] This we cannot do as we are bound by the decisions of the Supreme Court of Georgia and have no power to overrule or modify them.[4]

2. Seymour also contends that the prohibition against double jeopardy in OCGA § 16-1-8 applies to prevent his retrial. Seymour centers his argument around the portion of OCGA § 16-1-8 that bars subsequent prosecution after a former prosecution "[w]as terminated improperly after the jury was impaneled and sworn. . . ."[5] OCGA § 16-1-8 (e) provides:

Termination under any of the following circumstances is not improper: (1) The accused consents to the termination or

---

[1] Art. I, Sec. I, Par. XVIII, Ga. Const. of 1983.

[2] *Beck v. State*, 261 Ga. 826 (412 SE2d 530) (1992); *Collis v. State*, 252 Ga. App. 659, 661 (1) (a) (556 SE2d 221) (2001).

[3] See, e.g., *State v. Rogan*, 91 Haw. 405 (984 P2d 1231) (1999).

[4] Art. VI, Sec. VI, Par. VI, Ga. Const. of 1983; *Reed v. State*, 222 Ga. App. 376, 378 (1) (474 SE2d 264) (1996).

[5] OCGA § 16-1-8 (a) (2).

waives by motion to dismiss or other affirmative action his right to object to the termination; or (2) The trial court finds that the termination is necessary because: (A) It is physically impossible to proceed with the trial; (B) Prejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant; (C) The jury is unable to agree upon a verdict; or (D) False statements of a juror on voir dire prevent a fair trial.

Seymour asserts that OCGA § 16-1-8 (e) (1) regarding consent and waiver should not apply when a defendant must move for a mistrial as a result of the conduct of the state or its witnesses. If this subsection does not apply, Seymour concludes, then the former prosecution "terminated improperly" and the statutory protection against double jeopardy is triggered.[6]

We cannot accept Seymour's proposed analysis because it overlooks that subsection (e) (1) is only one of several ways in which a former prosecution can terminate properly. Thus, a finding that the requirements of subsection (e) (1) have not been met does not automatically lead to the conclusion that the former prosecution terminated improperly.

In this case, another statutory example of proper termination applies. OCGA § 16-1-8 (e) (2) (B) provides that termination is not improper if "[t]he trial court finds that the termination is necessary because . . . [p]rejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant." Here, the trial court granted the defendant's motion for a mistrial over the state's opposition and request for a curative instruction. It found that it could not fashion a curative instruction to correct the prejudice and that any such instruction might actually serve to highlight the prejudicial testimony. Thus, even if we were to accept Seymour's proposed analysis of consent under subsection (e) (1), this case was properly terminated under subsection (e) (2) (B). As a result, the double jeopardy prohibition in OCGA § 16-1-8 does not apply.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 20, 2003.

*Gordon & Brown, Gerald W. Brown,* for appellant.

---

[6] Id.

*Ralph W. Powell, Jr., Solicitor-General, Kevin D. Gonzalez, Nancy M. Harris, Assistant Solicitors-General*, for appellee.