## A03A2021. WELCH v. THE STATE.
(587 SE2d 220)

ELLINGTON, Judge.

A Floyd County jury convicted Milton Guy Welch of possession of cocaine, OCGA § 16-13-30 (a), and possession of an open container of alcohol, OCGA § 40-6-253 (b). He appeals from his conviction. Finding no error, we affirm.

1. Welch contends the trial court erred in denying his motion to suppress, arguing the officer who stopped him lacked a reasonable, articulable suspicion of criminal activity necessary to make a traffic stop. When considering a motion to suppress based upon a traffic stop, the trial court must determine whether the police officer had a reasonable, articulable suspicion of criminal conduct, in other words, an objective determination "that the person stopped is, or is about to be, engaged in criminal activity." (Citations omitted.) *Garmon v. State*, 271 Ga. 673, 676-677 (2) (524 SE2d 211) (1999). On review of the grant or denial of a motion to suppress, this Court "construe[s] the evidence most favorably to uphold the findings and judgment of the trial court, and we will not disturb the trial court's findings on disputed facts and credibility unless those findings are clearly erroneous." (Citation omitted.) *Vaughn v. State*, 247 Ga. App. 368 (543 SE2d 429) (2000); see also *Popham v. State*, 214 Ga. App. 775, 776 (449 SE2d 150) (1994) ("where a conflict exists in the evidence, the ruling of the trial court will be upheld where there is evidence to support it") (citation omitted).

At the hearing on Welch's motion to suppress, the arresting officer testified that, at approximately 8:00 a.m. on October 3, 2002, he observed Welch parked in the middle of the road at the end of a dead-end street. There are no occupied homes or businesses on the road, but there are three condemned houses near the end of the road. This area was well known for its drug activity and prostitution, and the officer personally had made several drug-related arrests there prior to this date. The officer drove toward Welch's car in his marked

patrol vehicle. Upon seeing the officer, Welch started driving toward him. The officer activated his blue lights, but it appeared to him that Welch was not going to stop and was attempting to drive away from the scene. The officer pulled his car slightly into Welch's lane, partially blocking the road and causing Welch to stop. The officer approached Welch's car and immediately noticed that Welch had an open container of beer nestled between his legs. The officer observed that Welch had an odor of alcohol on his breath, his speech was slurred, and he appeared to be nervous. Welch told the officer that he had had one beer earlier that morning. After a backup police unit arrived, the officer asked Welch to step out of the car so that he could perform field sobriety testing. When Welch stepped out of the car, the backup officer observed a glass pipe in the driver's seat in plain view. Welch was very nervous at this point and kept trying to reach into his pocket. The officer arrested Welch for an open container violation, and, during a search incident to arrest, discovered a packet of crack cocaine in Welch's pants pocket.[1]

Having heard this evidence, the trial court specifically found that the original traffic stop was permissible because Welch was parked in the middle of a road on a remote, deserted, dead-end street in an area that was used "almost exclusively" by those "engaged in illegal sexual or drug activities." After recognizing that parking in the middle of the road is a traffic violation,[2] and finding that Welch attempted to flee upon seeing the officer, the trial court found that the officer's traffic stop was legally permissible. See *Popham v. State*, 214 Ga. App. at 776 (denial of motion to suppress upheld when traffic stop was based upon a car being stopped in an uninhabited construction site that had a history of illegal activity); *Harris v. State*, 205 Ga. App. 813, 814 (1) (423 SE2d 723) (1992) (stop permissible after flight from officers patrolling a known drug area); *Minor v. State*, 180 Ga. App. 869, 870 (1) (350 SE2d 783) (1986) (denial of motion to suppress upheld when officer stopped vehicle after he saw the driver make an illegal left turn at a red light); *Jones v. State*, 156 Ga. App. 730, 731 (275 SE2d 778) (1980) (evidence admissible after officers conducted an investigatory stop of a car leaving an uninhabited subdivision with a history of vandalism, then observed marijuana in plain view). The trial court's findings were supported by the evidence, and the trial court did not err in denying Welch's motion to suppress. *Popham v. State*, 214 Ga. App. at 776.

---

[1] During a probation revocation hearing prior to his trial on the current charges, Welch admitted to possessing cocaine when arrested.

[2] Under OCGA § 40-6-202, "[o]utside of a business or residential district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park, or so leave the vehicle off the roadway."

2. Welch contends the trial court erred in denying his attempts to present evidence relative to his arrest, search, and seizure. He claims the trial court improperly prevented him from arguing to the jury that the traffic stop was illegal and infringed upon his right to a thorough and sifting cross-examination of the arresting officer about the circumstances of the stop.

During his opening statements, Welch's counsel told the jury that they had to make the determination as to whether the evidence was lawfully obtained. The trial court stopped counsel, instructed him that it had already found the evidence to be admissible, and prohibited him from arguing an unlawful stop and seizure to the jury. Later, when counsel cross-examined the arresting officer about the legality of the original traffic stop and of Welch's arrest in an attempt to demonstrate that the evidence of cocaine had been illegally obtained, the trial court interrupted him again, telling counsel that the issue had been resolved before trial and was irrelevant at this point.

"[O]n a motion to suppress the trial judge rules finally on any issue of fact or law. Credibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony [are] solely the province of the judge on a motion to suppress." (Citations omitted.) *Rogers v. State*, 155 Ga. App. 685, 686 (2) (272 SE2d 549) (1980); OCGA § 17-5-30 (a). Because Welch was not entitled to a jury decision on the legality of his arrest, the trial court did not err in preventing him from presenting this issue to the jury. *Pickens v. State*, 225 Ga. App. 792, 797 (2) (484 SE2d 731) (1997).

3. During trial, one of the State's witnesses was absent due to illness and unable to testify about the chain of custody of the cocaine, so the court allowed the State to present an alternative witness. The trial court granted defense counsel's request to question the witness before he testified. The trial court then told the jury that counsel wanted to speak to the witness before he testified, and instructed them to take a break in the jury room instead of "look[ing] at the back of our heads for ten minutes." Counsel did not object to the court's clearly spontaneous statements. On appeal, however, Welch contends the trial court erred when he told the jury that counsel wanted to speak to the witness, arguing that it improperly implied that counsel was "not being open and honest and was pursuing a clandestine approach to the facts." We find that this argument was waived due to counsel's failure to cite any supporting authority in his brief. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 4, 2003.

Patton & Price, Clarence R. Patton, for appellant.

Leigh E. Patterson, District Attorney, Martha P. Jacobs, Jason A. Lewis, John F. McClellan, Jr., Assistant District Attorneys, for appellee.