## A03A2424. WATKINS v. THE STATE.
(592 SE2d 868)

RUFFIN, Presiding Judge.

A jury found Brett Watkins guilty of one count of child molestation and one count of aggravated child molestation. On appeal, Watkins contends that "[t]he trial court erred when it ad-libbed in its charge to the jury, ranging far beyond the bounds of permissible jury instructions and confusing the jury about its role and about how it should reach verdicts." For reasons that follow, we find Watkins' contention meritless and affirm.

In reviewing a challenge to the trial court's jury charge, we view the charge as a whole to determine whether that court fully and fairly instructed the jury on the law of the case.[1] If the jury is charged "in such [a] manner as to work no prejudice to the defendant, then this [C]ourt will not consider a challenge to the wording of isolated segments."[2]

1. Watkins argues that the trial court erred in charging "the jury that a 'reasonable doubt' is 'not an arbitrary or a capricious doubt.'" According to Watkins, in instructing the jury in this manner, the trial court deviated from the pattern jury charge, and Watkins implies that such deviation confused the jury. We disagree.

Initially, we note that jury instructions do not need to track, exactly, the language of pattern jury instructions, so long as the charge is a correct statement of the law and not confusing or misleading.[3] Here, the charge on reasonable doubt substantially followed the

---

[1] See *Brockington v. State*, 195 Ga. App. 521 (2) (393 SE2d 765) (1990).
[2] (Punctuation omitted.) Id.
[3] See *Johnson v. State*, 198 Ga. App. 520, 522 (7) (402 SE2d 115) (1991).

pattern jury instruction and constituted a correct statement of the law.[4] Thus, this alleged error presents no basis for reversal.[5]

2. Watkins also asserts that the trial court erred in charging the jury that he was presumed innocent "until and unless competent and sufficient evidence is introduced [that] . . . convinces and satisfies your minds and your consciences beyond a reasonable doubt that the defendant is actually guilty." Watkins argues that, in telling jurors that the evidence must satisfy their consciences, the trial court impermissibly invoked concepts of morality in its charge, which the Supreme Court has disapproved.[6] Assuming, for the sake of argument, that "conscience" is synonymous with "morality," we find no basis for reversal.

In addition to the allegedly objectionable instruction cited by Watkins, the trial court also charged jurors that "every person is presumed innocent until they are proved guilty and that no person shall be convicted of a crime unless each essential element of the crime is proved beyond a reasonable doubt." The trial court further instructed jurors that if, "after giving consideration to all of the facts and the circumstances of the case, [their] minds are wavering, unsettled and unsatisfied, then that is the doubt of the law and [they] should acquit." Where, as here, the trial court repeatedly and accurately instructs jurors on the concepts of "reasonable doubt" and the "presumption of innocence," the mere use of the word conscience during the overall instruction provides no basis for reversal.[7]

3. Watkins next contends that the trial court erred in instructing the jury as follows:

> I further charge you that the object of all legal investigation
> is the discovery of the truth. . . . In application of the law to
> the truth, you will reach justice and judgment. In order to
> know what the truth is, you are clothed with the power of
> examination and the Court has given you the law. The only
> interest that the Court has had in the case was to see that
> the case be fairly presented according to the law and that
> you, as honest and impartial and conscientious jurors,

---

[4] See *Rucker v. State*, 270 Ga. 431, 433 (3) (510 SE2d 816) (1999); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed. 2003), p. 9 ("A reasonable doubt . . . does not mean a vague or arbitrary doubt.").

[5] See *Payne v. State*, 233 Ga. 294, 310 (210 SE2d 775) (1974).

[6] See *Vance v. State*, 262 Ga. 236, 238, n. 5 (416 SE2d 516) (1992) ("What is perceived as 'moral' may differ from group to group, from class to class, and from individual to individual. This diversity renders any precise definition of 'moral certainty' elusive, and any uniformity of interpretation by jurors unlikely.").

[7] See id.; *Jones v. State*, 156 Ga. App. 543 (2) (275 SE2d 119) (1980).

return a verdict that speaks the truth as you find the truth to be in the case.

According to Watkins, this instruction provided jurors an elastic concept of "truth" and failed to inform jurors that they were free to disregard the evidence. Notwithstanding Watkins' apparent problem with use of the word "truth," the trial court correctly instructed jurors regarding their function.[8] Indeed, the trial court's instruction tracks that contained in the suggested pattern charge, which informs jurors that "the object of this trial is to discover the truth."[9] And, to the extent Watkins suggests that he was entitled to an instruction on jury nullification, he is mistaken. Although

the jury does possess a de facto power of nullification, i.e., a power to acquit the defendant regardless of the strength of the evidence against him, it nonetheless is true that if the evidence proves the defendant guilty beyond a reasonable doubt, it is the jury's duty to convict.[10]

Thus, we have found no error when a trial court declines to give such charge on jury nullification.[11]

4. According to Watkins, the trial court erroneously instructed the jurors that, in reaching their verdict, they

will be governed by the evidence that has been presented and the law that the Court has given to you. All appeals and all eloquence of counsel are intended to present in a force[ful] manner the various sides of their case and they are entitled to consideration by you insofar as they apply to the facts that have been proven or illustrations that are evoked to give them strength. All matters outside of that are not to be considered by you in making up your verdict. It is your duty on your oath as jurors to take the case as it has been presented in the evidence without sympathy to either side of the case and decide the case upon the evidence.

Watkins evidently contends that this instruction served to confuse jurors with regard to the weight to be given counsels' arguments and improperly informed them that they could "make up" rather than reach a verdict. Again, however, in gauging the propriety of the

---

[8] See *James v. State*, 270 Ga. 675, 679 (10) (513 SE2d 207) (1999); *Manning v. State*, 162 Ga. App. 494, 496 (5) (292 SE2d 95) (1982) (physical precedent only).
[9] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed. 2003), p. 4.
[10] (Punctuation omitted.) *Nel v. State*, 252 Ga. App. 761, 766 (7) (557 SE2d 44) (2001).
[11] See id.

trial court's instruction, we look to the charge as a whole.[12] Here, the charge conveys the message that jurors are to look to the evidence in reaching its verdict and that the attorneys' arguments should be considered only insofar as those arguments were supported by the evidence. Even if an instruction is "not as clear and precise as desired," it provides no basis for reversal absent danger of prejudice to the defendant, which Watkins has failed to establish.[13]

5. Finally, Watkins asserts that Georgia's definition of reasonable doubt is "ambiguous and confusing," and he invites us to disapprove the charge and adopt language used by the United States Court of Appeals for the Eleventh Circuit. However, we decline Watkins' invitation to rewrite Georgia law on reasonable doubt. Given our Supreme Court's endorsement of the language,[14] we are without authority to craft a new standard.[15]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 7, 2004.

*Mary Erickson,* for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Lori A. Zamberletti, Assistant District Attorneys,* for appellee.

---

[12] See *Brockington,* supra.
[13] Id.
[14] See *Coleman v. State,* 271 Ga. 800, 804-805 (8) (523 SE2d 852) (1999).
[15] See *Seymour v. State,* 262 Ga. App. 823, 824 (1) (586 SE2d 713) (2003).