### A04A0041. MOORE v. THE STATE.
(592 SE2d 892)

PHIPPS, Judge.

Following a stipulated bench trial, Elijah Moore was convicted of driving under the influence of alcohol with an unlawful blood alcohol concentration and of driving under the influence of alcohol to the extent that it was less safe for him to drive. He appeals, contending that the trial court erred in denying his motion to suppress the evidence the police acquired during an illegal traffic stop. Finding merit in this contention, we reverse.

On review, the appellate court will uphold a trial court's findings as to disputed facts in a motion to suppress unless clearly erroneous, whereas the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

The evidence showed without dispute that Troup County Deputy Sheriffs Randy Mobley and Kirk Nations went to a travel center to get something to eat at about 3:00 a.m. on December 10, 2002. They were greeted by a clerk who asked them to investigate a car that had been parked for a long time in a rear parking lot used only by large trucks for fueling. According to the clerk, the car had "no business" being there. After seeing the described car exit the parking lot, Mobley effected a traffic stop. Moore was operating the car. While questioning him, Mobley "smelled an odor of alcohol" and observed that Moore had bloodshot eyes and was unsteady on his feet. Moore admitted that he had been drinking, and he submitted to a breath test which registered a blood alcohol concentration of 0.180.

> "Under our law, there are three levels of police-citizen encounters. In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. This tier provides no Fourth Amendment protection. . . . The second tier occurs when the officer actually conducts a brief investigative *Terry* stop of the citizen. In this level, a police officer, even in the absence of probable cause, may

---

[1] *State v. Ray,* 272 Ga. 450 (2) (531 SE2d 705) (2000).

stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity." [Cit.] The third tier of police-citizen encounters include "full-scale arrests that must be supported by probable cause." [Cit.][2]

"The actions of an officer approaching a stopped vehicle, requesting to see a driver's license, and inquiring about possible criminal or suspicious activity clearly fall within the realm of the first type of police-citizen encounter and do not amount to a stop."[3] Indisputably, unlike the situation in *State v. Kaylor*,[4] that is not what happened here.

In this case, as in *State v. Golden*,[5] the officer effected a traffic stop of the defendant's moving vehicle without any particularized suspicion of criminal activity, but only to make sure no criminal violations were taking place simply because it was uncommon for cars to be parked in the area where Moore's car had been parked for as long as it had been there. As recognized in *Golden*, the Fourth Amendment does not authorize a police officer to effect a traffic stop under such circumstances.

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JANUARY 8, 2004.

*Jackie G. Patterson*, for appellant.
*L. Jack Kirby, Solicitor-General*, for appellee.

---

[2] *State v. Kaylor*, 234 Ga. App. 495, 496-497 (507 SE2d 233) (1998).
[3] (Citation and punctuation omitted.) Id. at 497; *Brittian v. State*, 257 Ga. App. 729, 731 (572 SE2d 76) (2002).
[4] Supra.
[5] 210 Ga. App. 800 (437 SE2d 492) (1993).