## A04A0779. KING v. THE STATE.
(600 SE2d 647)

MIKELL, Judge.

After a bench trial in which James King stipulated that he was in possession of more than one ounce of marijuana, he was convicted of violating the Georgia Controlled Substances Act. King appeals his conviction, alleging that the trial court erred when it denied his motion to suppress the marijuana that was found during the search of his vehicle. We affirm.

"On review of the grant or denial of a motion to suppress, this Court construes the evidence most favorably to uphold the findings and judgment of the trial court."[1] So construed, the evidence adduced at the motion to suppress hearing shows that during the mid-afternoon of May 1, 2002, Officer Chuck Pearson of the Henry County Police Department stopped the defendant's car for an expired tag, a possible window tint violation and for following a tractor-trailer too closely. Officer Pearson testified that when he approached the passenger side of the car, he immediately noticed a heavy odor of baby

---

[1] (Citations and punctuation omitted.) *Welch v. State*, 263 Ga. App. 70 (1) (587 SE2d 220) (2003).

powder air freshener in the car, then the smell of unburned marijuana. After King exited the vehicle, Officer Pearson smelled marijuana on his person as well.

Officer Pearson asked King if there was any marijuana in the car. King replied that there was not but explained that he had recently smoked a cigar. By this time, a K-9 officer approached the scene, and he took custody of King and his passenger while Officer Pearson searched King's vehicle.[2] Officer Pearson did not find any marijuana in the passenger compartment of the car but did locate approximately ten pounds of it in King's trunk. Officer Pearson testified that the marijuana was wrapped in cellophane in a department store bag but was not vacuum-sealed.

When asked about his experience in detecting the scent of unburned marijuana, Officer Pearson testified that he had seized numerous vehicles containing contraband and made many arrests involving large amounts of marijuana; that during four of the five years of his experience as a police officer, he came into contact with large quantities of unburned marijuana; that he had formal training in detecting the odor of unburned marijuana; and that the cellophane wrapping would not have masked the odor of the marijuana.

Defense counsel attempted to impeach Officer Pearson's testimony that he recognized the odor of unburned marijuana by cross-examining him about testimony that he had given in a motion to suppress hearing six months earlier in another case. There, Officer Pearson was asked, "Is there a difference between marijuana that's burning or has been burned or nonburning?" and he replied, "[m]arijuana is marijuana, sir." Defense counsel also pointed out Officer Pearson's testimony in the preliminary hearing in that case that "marijuana is marijuana, sir. I can't testify to burnt, nonburnt. The odor of marijuana is the odor of marijuana." Officer Pearson explained that in that case, he was not at the scene when the defendant was stopped, so he did not actually smell the marijuana in that case.

On appeal, King argues that "it is simply not believable that [Officer Pearson] smelled the marijuana located in the trunk of [a]ppellant's car." King also challenges Officer Pearson's qualifications based upon what he contends are the inconsistencies between Officer Pearson's testimony from the earlier case and his testimony in the case sub judice. King maintains that these inconsistencies support his contention that the officer is simply not a credible witness and was not qualified to detect the odor of unburned marijuana. We disagree.

---

[2] The K-9 officer's drug dog was not utilized in the search.

The basis of King's appeal turns squarely on the issue of Officer Pearson's credibility.

On a motion to suppress, the "[c]redibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony are solely the province of the judge."[3] We defer to the trial court's determination on witness credibility unless it is clearly erroneous.[4] Our role on review of a motion to suppress is simply to "ensure that there was a substantial basis for the [trial court's] decision."[5]

In this case, despite defense counsel's attempts to impeach Officer Pearson, the trial court chose to believe his testimony, which it was authorized to do.[6] Furthermore, the evidence supported the trial court's decision to believe that Officer Pearson was qualified to detect the odor of unburned marijuana. Officer Pearson testified that his training enabled him to recognize the smell of marijuana in its burned and unburned forms and that he had frequently come into contact with various quantities of unburned marijuana. Therefore, we must defer to the trial court and affirm the denial of King's motion to suppress.

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

Under the unique facts of this case, because the defendant did not prove that it was impossible for this officer to stand outside the car and smell unburned marijuana wrapped in plastic inside a bag in the closed trunk, over the competing odor of a baby powder-scented air freshener and a Black & Mild cigar, I am constrained to agree that we must affirm the trial court's denial of King's motion to suppress, based on the trial court's finding that the officer's testimony was credible.

We have held that "a trained police officer's perception of the odor of burning marijuana, provided his ability to identify that odor is placed into evidence, constitutes sufficient probable cause to support the warrantless search of a vehicle." *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999). While the officer in this case testified that he smelled "raw" as opposed to "burned" marijuana, he also testified

---

[3] (Citation and punctuation omitted.) *Reese v. State*, 252 Ga. App. 650, 651 (1) (556 SE2d 150) (2001).

[4] *Bellamy v. State*, 243 Ga. App. 575, 577 (1) (b) (530 SE2d 243) (2000). Accord *Baker v. State*, 256 Ga. App. 75, 76 (567 SE2d 738) (2002).

[5] (Citation omitted.) *State v. Gibbons*, 248 Ga. App. 859, 860 (1) (547 SE2d 679) (2001).

[6] See generally *Leach v. State*, 143 Ga. App. 598, 600 (2) (239 SE2d 177) (1977) ("Where there is an attempt to impeach a witness by proof of contradictory statements, the [trier of fact] may believe his evidence notwithstanding attempted impeachment and in absence of corroboration.") (citation and punctuation omitted).

that he was able to identify that odor as contraband in the closed trunk of the car. We leave the factfinding to the trial court, and the trial court in this instance found credible the officer's testimony. Perhaps if defense counsel had introduced expert testimony regarding a person's ability to smell certain substances from a distance through layers of plastic, paper, carpet, steel, and leather, or had conducted his own courtroom experiment regarding this officer's ability to smell different substances through a locked briefcase, the outcome might have been different.

This case, however, illustrates the very furthest that credibility can possibly be stretched and almost does not pass the "smell test" itself. The evidence showed that a K-9 officer and his drug dog arrived at the scene 26 seconds after the arresting officer pulled King over. The arresting officer did not ask the K-9 officer to walk the drug dog around the car to see if he alerted; instead, after arresting King, he made a 20-second search of the car's interior and then popped the trunk. While the officer admitted that dogs are used to sniff for drugs because their sense of smell is better than humans', the officer asked the trial judge to believe that his sense of smell surpassed that of the trained dog. Although credibility is the sole province of the trial court, this case strains against the outer boundaries of the "clearly erroneous" standard. It should not, therefore, be cited as precedent for other cases. Police officers may not open people's trunks merely because they say they smell something suspicious, which would be a ludicrous result.

For these reasons, I specially concur in the majority's decision to affirm the trial court's order.

DECIDED MAY 21, 2004.

*Peter J. Ross, Noah H. Pines*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Alicia C. Gant, Assistant District Attorneys*, for appellee.