## A05A1792. NAHID v. THE STATE.

(624 SE2d 264)

RUFFIN, Chief Judge.

A jury found Houshang Nahid guilty of trafficking in opium. Nahid appeals, challenging the constitutionality of OCGA § 16-13-31. We affirm.

Nahid was convicted pursuant to OCGA § 16-13-31 (b), which provides, in pertinent part, that "[a]ny person who knowingly . . . has possession of 4 grams or more of . . . opium . . . commits the felony offense of trafficking in illegal drugs." Following his conviction — and in connection with his motion for new trial — Nahid questioned the constitutionality of this provision for the first time. Specifically, he argued that the statute impermissibly permits a trafficking conviction based upon mere possession.

The trial court rejected Nahid's challenge, and Nahid appealed to the Supreme Court of Georgia, citing that Court's authority to resolve constitutional questions. The Supreme Court, however, concluded that Nahid had waived his constitutional claim by failing to raise it until the motion for new trial. It then transferred Nahid's appeal to this Court.

1. In two enumerations of error, Nahid explicitly challenges the constitutionality of OCGA § 16-13-31, asserting that the statute violates the constitutions of Georgia and the United States. But the Supreme Court found that Nahid failed to preserve this challenge below, and " 'the transfer of [Nahid's appeal] by the Supreme Court to

this Court is a final determination that no constitutional question was in fact properly raised.' "[1] Accordingly, these enumerations of error present no basis for reversal.[2]

2. Through two other enumerations of error, Nahid claims that OCGA § 16-13-31 is contrary to Georgia common law and improperly "estops" a defendant from raising the defense of mere possession. To the extent these arguments are constitutionally based, Nahid has waived them for the reasons discussed in Division 1. Moreover, to the extent such arguments derive from nonconstitutional principles, they do not support reversal. By enacting OCGA § 16-13-31 (b), the legislature clearly authorized a trafficking conviction based upon knowing possession of four or more grams of opium. Although Nahid disagrees that such possession establishes "trafficking," we cannot ignore the clear statutory language governing this case.[3]

3. Finally, Nahid urges us to "abolish or at least modif[y]" the Supreme Court of Georgia's determination in *Hardeman v. State*[4] that constitutional challenges must be raised before the jury returns a verdict. This Court, however, has no authority to abolish or modify Supreme Court decisions.[5] On the contrary, those decisions bind us.[6] It follows that Nahid's conviction must be affirmed.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 6, 2005 — 

*Nicholas Pagano*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, C. Lance Cross, Assistant District Attorneys*, for appellee.

---

[1] *Hughes v. State*, 266 Ga. App. 652, 654 (2) (598 SE2d 43) (2004).
[2] See *Hardeman v. State*, 272 Ga. 361, 362 (529 SE2d 368) (2000) (defendant who fails to raise a constitutional challenge until the motion for new trial "is barred from raising that issue on appeal").
[3] See *Jackson v. State*, 214 Ga. App. 726, 727 (448 SE2d 761) (1994).
[4] Supra.
[5] See *Seymour v. State*, 262 Ga. App. 823, 824 (1) (586 SE2d 713) (2003).
[6] Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.