A07A0728. THOMAS v. THE STATE.
(644 SE2d 160)

BLACKBURN, Presiding Judge.
Following a jury trial, Anthony Thomas appeals his conviction of burglary, (1) challenging the sufficiency of the evidence and (2) contending that the trial court erred in instructing the jury as to the use of witnesses' prior inconsistent statements. Finding the evidence sufficient and the trial court's instruction proper, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of

innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So viewed, the evidence shows that Thomas left school early with some friends, one of whom drove them in his yellow Cadillac to a familiar neighborhood. One friend rang doorbells to find an unoccupied house, and, upon finding one, broke into a back door. The friends, including Thomas, then entered the house and ransacked it, loading electronics and other personal property into the car.

Meanwhile, an officer responding to an earlier call about a speeding yellow Cadillac spotted Thomas's friend's yellow Cadillac in a driveway with the friends loading items into its trunk. As the officer turned his vehicle around to speak to the young men, some fled on foot and the Cadillac exited the driveway. The officer pulled the Cadillac over and saw stereo equipment and other items in the back seat, and, after the driver consented to a search, the officer found several other items in the trunk. Arresting the driver, the officer called for backup (who arrested a second suspect) and proceeded to the house to investigate.

Following further investigation by police, Thomas was arrested, charged with burglary, and convicted by a jury. Following the denial of his motion for a new trial, he appeals, contending that the evidence was insufficient to support his conviction. We disagree.

According to OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." As there was testimony from the victim that none of the young men had permission to enter her home or take any items, and there was testimony that Thomas entered the house and removed items, the jury was authorized to find Thomas guilty of burglary.

2. Thomas next contends that the trial court erred in its instruction to the jury regarding the use of prior inconsistent statements by witnesses. We disagree.

Here, the trial court instructed the jury as follows:

> Should you find that any witness prior to the witness's testimony in this case from the witness stand has made any statement inconsistent with that witness's testimony from the stand in this case, and that such prior inconsistent

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

statement is material to the case and the witness's testimony, the[n] you are authorized to consider that prior statement, not only for purposes of impeachment, but also as substantive evidence in the case.

This is an accurate restatement of the law, i.e., that "[a] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence," (punctuation omitted) *Cummings v. State*,[3] and it closely tracks the pattern jury charge. See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), Sec. 1.31.70, p. 16 (citing *Gibbons v. State*[4]). Thus, giving this charge was not a basis for reversal. *Watkins v. State*.[5]

Thomas nevertheless contends that the trial court should have further instructed the jury that prior inconsistent statements cannot be considered to substantiate facts about a crime which the witness had neither personal knowledge nor information directly from a defendant. "However, he did not submit a written request for any additional clarifying charge. The giving of an otherwise correct charge is not rendered erroneous for lack of an additional explanatory charge, in the absence of an appropriate request." (Punctuation omitted.) *Smith v. State*.[6] Accordingly, we discern no error.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 14, 2007.

*Jacque D. Hawk*, for appellant.
*Daniel J. Craig, District Attorney, Henry W. Syms, Jr., Madonna M. Little, Assistant District Attorneys*, for appellee.

---

[3] *Cummings v. State*, 280 Ga. 831, 833 (3) (632 SE2d 152) (2006).
[4] *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).
[5] *Watkins v. State*, 265 Ga. App. 54, 54-55 (1) (592 SE2d 868) (2004).
[6] *Smith v. State*, 279 Ga. 172, 174 (2) (611 SE2d 1) (2005).
[1] OCGA § 16-6-4 (a).
[2] OCGA § 16-6-22.2 (b).